LEMMON, Judge,
concurring and assigning reasons.
I concur in the result.
The evidence establishes that the contract between these parties was for defendant to act as depositary until 6:00 p. m., at which time the attendant was to restore the deposit by placing the keys over the sun visor or on the floor.[1] Thus, the contract of deposit ended at 6:00 p. m., and defendant’s duties thereunder ended when the employee handled the keys as agreed upon.
If evidence showed the car was stolen before 6:00 p. m., defendant would be presumed liable, without proof of specific negligence, and would have the burden of proceeding with evidence exonerating itself. But before the presumption attaches, plaintiff has the burden of proving that a loss occurred and that a contract of deposit was in existence at the time the loss occurred.[2] Since plaintiff did not establish the loss occurred during the term of the contract, there is no presumption that the loss resulted from the depositary’s negligence or fault.

. In the absence of a contract established by custom, leaving the keys in an unlocked car in an unattended parking lot would render defendant liable.

. In this respect I disagree with the dicta regarding burden of proof in Jacques v. City Parking Service, supra,